IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILLIP AND ANITA WALLACE,** | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | NO. 02-CV-4150 |
| v. | : | |
| | : | |
| **EQUICREDIT, FAIRBANKS CAPITAL CORP., STONE LOREN FINANCIAL, INC. and CHRIS MERCURIO,** | : | |
| Defendants. | : | |

**ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM OF SETOFF OF DEFENDANT NATIONSCREDIT FINANCIAL
SERVICES CORPORATION d/b/a EQUICREDIT TO PLAINTIFF'S COMPLAINT**

Defendant NationsCredit Financial Services Corporation d/b/a EquiCredit (incorrectly identified as EquiCredit) ("EquiCredit"), by its undersigned counsel, Reed Smith LLP, hereby responds to the Complaint of Plaintiffs Phillip and Anita Wallace ("Plaintiffs") as follows:

1. Denied. The allegations set forth in Paragraph 1 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

2. Denied. The allegations set forth in Paragraph 2 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.

3. Admitted upon information and belief.

4. Denied as stated. EquiCredit states only that it is a Delaware corporation with a registered address c/o C.T. Corporation Systems, 1515 Market Street, Suite 1210, Philadelphia, PA 19102 that formerly engaged in consumer lending in Pennsylvania.

5. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint and, therefore, denies the same.

6. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Complaint and, therefore, denies the same.

7. Denied as stated. Upon information and belief, EquiCredit states that Fairbanks Capital Corp. has a place of business at P.O. Box 65428, Salt Lake City, UT 84165. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8. Denied. The allegations set forth in Paragraph 8 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.

9. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiffs' Complaint and, therefore, denies the same.

10. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint and, therefore, denies the same. By way of further response, to the extent the allegations contained in Paragraph 10 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

11. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiffs' Complaint and, therefore, denies the same. By way of further response, to the extent the allegations contained in Paragraph 11 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

12. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiffs' Complaint and, therefore, denies the same. By way of further response, to the extent the allegations contained in Paragraph 12 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

13. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiffs' Complaint and, therefore, denies the same.

14. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiffs' Complaint and, therefore, denies the same. By way of further response, to the extent the allegations contained in Paragraph 14 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

15. Denied as stated. EquiCredit states only that a loan to Plaintiffs in the amount of $21,200 closed on June 27, 2001. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiffs' Complaint and, therefore, denies the same. By way of further response, to the extent the allegations contained in Paragraph 15 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

16. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of Plaintiffs' Complaint and, therefore, denies the same.

17. Denied. EquiCredit states that the HUD-1 settlement sheet referenced in Paragraph 17 of Plaintiffs' Complaint is a writing that speaks for itself, and any attempt to characterize its contents is improper and, therefore, denied.

18. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of Plaintiffs' Complaint and, therefore, denies the same.

19. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiffs' Complaint and, therefore, denies the same. By way of further response, to the extent the allegations contained in Paragraph 19 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

20. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of Plaintiffs' Complaint and, therefore, denies the same. By way of further response, to the extent the allegations contained in Paragraph 20 refer to a defendant other than EquiCredit, no response by EquiCredit is required. Further, the three (3) checks referenced in Paragraph 20 of Plaintiffs' Complaint are writings that speak for themselves, and any attempt to characterize their contents is improper and, therefore, denied.

21. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiffs' Complaint and, therefore, denies the same. By way of further response, to the extent the allegations contained in Paragraph 21 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

22. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiffs' Complaint and, therefore, denies the same. By way of further response, to the extent the allegations contained in Paragraph 22 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

23. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiffs' Complaint and, therefore, denies the same.

24. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiffs' Complaint and, therefore, denies the same.

### COUNT I – TILA RESCISSION AND DAMAGES
#### (EquiCredit and Fairbanks)

25. EquiCredit incorporates by reference its responses to Paragraphs 1 through 24 of Plaintiffs' Complaint as if fully set forth herein.

26. Denied. The allegations set forth in Paragraph 26 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

27. Denied. The allegations set forth in Paragraph 27 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

28. Denied. The allegations set forth in Paragraph 28 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

29. Denied. The allegations set forth in Paragraph 29 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

30. Denied. The allegations set forth in Paragraph 30 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

**WHEREFORE,** Defendant NationsCredit Financial Services Corporation d/b/a EquiCredit demands judgment in its favor and against the Plaintiffs along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

### COUNT II – UDAP
**(Defendant Stone Loren)**

31. EquiCredit incorporates by reference its responses to Paragraphs 1 through 30 of Plaintiffs' Complaint as if fully set forth herein.

32. Denied. The allegations set forth in Paragraph 32 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied. By way of further response, to the extent the allegations

contained in Paragraph 32 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

33. Denied. The allegations set forth in Paragraph 33 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied. By way of further response, to the extent the allegations contained in Paragraph 33 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

**WHEREFORE,** Defendant NationsCredit Financial Services Corporation d/b/a EquiCredit demands judgment in its favor and against the Plaintiffs along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

### COUNT III – UDAP
### (Defendant EquiCredit)

35. EquiCredit incorporates by reference its responses to Paragraphs 1 through 34 of Plaintiffs' Complaint as if fully set forth herein.

36. Denied. The allegations set forth in Paragraph 36 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

37. Denied. The allegations set forth in Paragraph 37 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

38. Denied. The allegations set forth in Paragraph 38 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

39. Denied. The allegations set forth in Paragraph 39 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

**WHEREFORE,** Defendant NationsCredit Financial Services Corporation d/b/a EquiCredit demands judgment in its favor and against the Plaintiffs along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

### COUNT IV – BREACH OF CONTRACT
#### (Defendant Mercurio)

40. EquiCredit incorporates by reference its responses to Paragraphs 1 through 39 of Plaintiffs' Complaint as if fully set forth herein.

41. Denied. The allegations set forth in Paragraph 41 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. By way of further response, to the extent the allegations contained in Paragraph 41 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

42. Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of Plaintiffs' Complaint and, therefore, denies the same. By way of further response, to the extent the allegations contained in Paragraph 42 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

43. Denied. The allegations set forth in Paragraph 43 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. By way of further response, to the extent the allegations contained in Paragraph 43 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

44. Denied. The allegations set forth in Paragraph 44 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. By way of further response, to the extent the allegations contained in Paragraph 44 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

**WHEREFORE,** Defendant NationsCredit Financial Services Corporation d/b/a EquiCredit demands judgment in its favor and against the Plaintiffs along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

## COUNT V – BREACH OF FIDUCIARY DUTY
### (Defendant Stone Loren)

45.     EquiCredit incorporates by reference its responses to Paragraphs 1 through 44 of Plaintiffs' Complaint as if fully set forth herein.

46.     Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of Plaintiffs' Complaint and, therefore, denies the same. By way of further response, to the extent the allegations contained in Paragraph 46 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

47.     Denied.  The allegations set forth in Paragraph 47 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. By way of further response, to the extent the allegations contained in Paragraph 47 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

48.     Denied.  The allegations set forth in Paragraph 48 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required.  To the extent these allegations may be deemed factual, they are denied. By way of further response, to the extent the allegations contained in Paragraph 48 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

49.     Denied. EquiCredit is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of Plaintiffs' Complaint and, therefore, denies the same. By way of further response, to the extent the allegations contained in Paragraph 49 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

50.     Denied.  The allegations set forth in Paragraph 50 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. By way of further response, to the extent the allegations contained in Paragraph 50 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

51.     Denied.  The allegations set forth in Paragraph 51 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. By way of further response, to

the extent the allegations contained in Paragraph 51 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

**WHEREFORE,** Defendant NationsCredit Financial Services Corporation d/b/a EquiCredit demands judgment in its favor and against the Plaintiffs along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

<u>**COUNT VI – CONVERSTION**</u>
**(Defendant Mercurio)**

52.    EquiCredit incorporates by reference its responses to Paragraphs 1 through 51 of Plaintiffs' Complaint as if fully set forth herein.

53.    Denied. The allegations set forth in Paragraph 53 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. By way of further response, to the extent the allegations contained in Paragraph 53 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

54.    Denied. The allegations set forth in Paragraph 54 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. By way of further response, to the extent the allegations contained in Paragraph 54 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

55.    Denied. The allegations set forth in Paragraph 55 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. By way of further response, to the extent the allegations contained in Paragraph 55 refer to a defendant other than EquiCredit, no response by EquiCredit is required.

**WHEREFORE,** Defendant NationsCredit Financial Services Corporation d/b/a EquiCredit demands judgment in its favor and against the Plaintiffs along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole in or part, by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any statutory damages under any federal statute.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of the doctrine of laches, waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs were given all material disclosures in connection with the loan transaction required under state and federal law.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have sustained damages, which is specifically denied by EquiCredit, Plaintiffs' damages were caused by acts or omissions of entities over whom EquiCredit had no control.

**WHEREFORE,** Defendant NationsCredit Financial Services Corporation d/b/a EquiCredit demands judgment in its favor and against the Plaintiff along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

## COUNTERCLAIM OF SETOFF

1. Plaintiffs are indebted to EquiCredit under the terms of a Note secured by a Mortgage dated June 27, 2001.

2. If this Court determines that EquiCredit is indebted to Plaintiffs in any amount, such indebtedness should be offset by the amount of money Plaintiffs owe EquiCredit pursuant to the terms of the Note.

**WHEREFORE,** Defendant NationsCredit Financial Services Corporation d/b/a EquiCredit demands judgment in its favor and against the Plaintiff along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

Respectfully submitted,

_____
Marilyn Heffley, Esquire
Attorney I.D. No. 42904
Peter F. Giamporcaro, Esquire
Attorney I.D. No. 81304
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215) 851-8100
(215) 851-1420 fax

Counsel for Defendant
NationsCredit Financial Services Corporation
d/b/a EquiCredit

Dated: September 12, 2002

## CERTIFICATE OF SERVICE

I, Peter F. Giamporcaro, hereby certify that a true and correct copy of the foregoing Answer, Affirmative Defenses, and Counterclaim of Setoff of Defendant NationsCredit Financial Services Corporation d/b/a EquiCredit to Plaintiffs' Complaint was served by U.S. mail, postage prepaid, upon the following counsel of record on this 12th day of September, 2002:

>Robert P. Cocco, Esquire
>2200 St. James Place
>Philadelphia, PA  19103
>
>(Counsel for Plaintiffs)

By_____
      Peter F. Giamporcaro, Esquire